UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW HAHN and,<br>HEATHER HAHN<br><br>    Plaintiffs,<br><br>v.<br><br>ANSELMO LINDBERG OLIVER LLC and<br>WELLS FARGO BANK N.A.<br><br>    Defendants. | CIVIL ACTION 1:16-cv-06908<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiffs, ANDREW AND HEATHER HAHN ("Plaintiffs") by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, Anselmo, Lindberg, Oliver LLC. ("Defendant Anselmo") and Defendant Wells Fargo Bank N.A. ("Defendant Wells Fargo") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking actual, statutory, punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C.

1

§1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs resides in this District and Defendant's conduct harmed Plaintiff in this District.

### PARTIES

5. Plaintiffs are consumers and natural persons over 18 years of age who at all times relevant owned and resided at the property located at 305 North Street, Mazon, Illinois 60444 ("subject property").

6. Defendant Anselmo Lindberg Oliver, LLC is a law firm organized as an Illinois limited liability company with principal offices at 1771 W. Diehl Road, Suite 120, Naperville, Illinois 60563. Its registered agent and offices is Thomas J. Anselmo, 1771 W. Diehl Road, Suite 120, Naperville, Illinois 60563.

7. Defendant Anselmo, uses the mails and telephone system in conducting its business as described above.

8. Defendant Anselmo, is a debt collector as defined in the FDCPA.

9. Defendant Anselmo, states on its web site that it "is a full-service law firm that provides specialized legal expertise in areas of default, real estate, business and corporate services, estate planning, and general civil litigation. Our attorneys' wide range of skill and knowledge enables us to achieve the unique objectives of each individual client we serve through focused and coordinated efforts. Comprising nearly 180 employees, including 20 staff attorneys, paralegals and support staff, our team of professionals meticulously approaches each matter with agility, efficiency, and expertise." http://alolawgroup.com/about-us/.

10. Defendant Anselmo states on its web site that their "litigation services cut across and enhance all areas of practice, specifically, default and creditor's rights, real estate, estate

planning, and business transactions. Amongst these areas our attorneys are experienced in litigating and managed a wide-breath of related matters, which include: real estate disputes, contests with and on behalf of estates, banking litigation, bankruptcy actions, and business transaction controversies of all kinds." http://alolawgroup.com/practice-areas/general-litigation/.

11. Defendant Wells Fargo is a financial institution with its headquarters located in Sioux Falls, South Dakota. It is a creditor, lender, debt collector, and servicer of mortgage loans across the country, including in the State of Illinois. Wells Fargo Home Mortgage Inc. and Wells Fargo dealer Services are divisions of Wells Fargo Bank, N.A.

12. At all times relevant to this case Defendant Anselmo was acting as attorney and agent for Defendant Wells Fargo.

### BANKRUPTCY CASE

13. On January 3, 2002 Plaintiff Heather Hahn executed a mortgage in the amount of $85,853.00 ("subject debt") in favor of North American Mortgage Company secured by the subject property.

14. On February 10, 2012, Defendant Wells Fargo filed a Complaint for Foreclosure in the Circuit Court of Grundy County Illinois against Plaintiffs regarding the subject property and the subject debt.

15. On September 2, 2015, Plaintiff Heather Hahn quitclaimed her interest in the subject property to herself and her husband Plaintiff Andrew Hahn.

16. On September 9, 2015, Plaintiff Andrew Hahn filed a Chapter 13 Bankruptcy in the Northern District of Illinois. His Case Number is 15-30730.

17. His Bankruptcy Petition was accompanied by a list of creditors. *See* Exhibit A, a true and correct copy of the Petition and list of creditors filed in Plaintiff's bankruptcy case.

18. Both Defendants were listed as creditors.

19. On September 9, 2015 Defendant Anselmo was notified of the filing of Plaintiff Andrew Hahn's bankruptcy via completed facsimile transmission to Defendant Anselmo at 630-428-4620. *See* Exhibit B, a true and correct copy of the Facsimile Transmittal cover sheet, Notice of Bankruptcy Filing and confirmation of transmission.

20. On September 12, 2015, by virtue of listing Defendants Anselmo and Wells Fargo as creditors, the Bankruptcy Noticing Center ("BNC") served Defendants Anselmo and Wells Fargo with notice of Plaintiff's bankruptcy filing. *See* Exhibit C, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing on Defendants Anselmo and Wells Fargo.

21. On September 23, 2015 Plaintiff Andrew Hahn filed a Chapter 13 Plan and bankruptcy schedules. Defendant Wells Fargo was listed as a creditor in Schedule D of Plaintiff Andrew Hahn's bankruptcy. His chapter 13 plan proposed to cure the mortgage arrears owed to Wells Fargo throughout the plan pursuant to 11 U.S.C. 1322(a)(5). *See* Exhibit D, a true and correct copy of the Schedule D. See Exhibit E a true and correct copy of the Chapter 13 Plan.

22. On September 24, 2015, by virtue of listing Defendants Anselmo and Wells Fargo as creditors, the Bankruptcy Noticing Center ("BNC") served Defendants Anselmo and Wells Fargo with a copy of Plaintiff's Chapter 13 Plan. *See* Exhibit E, a true and correct copy of the Chapter 13 plan and the BNC Certificate of Notice establishing service of the notice of filing and Original Plan on Defendants Anselmo and Wells Fargo.

23. On February 5, 2016, the Chapter 13 Plan was confirmed by the Honorable Bruce W. Black. *See* Exhibit F, a true and correct copy of the Confirmation Order.

24. Collection against Plaintiff Andrew Hahn and Plaintiff Heather Hahn was prohibited by Sections 362(a) and 1301 of the Bankruptcy Code respectively.

25. Despite multiple notices of Plaintiff Andrew Hahn's bankruptcy Defendants Anselmo and Wells Fargo continued to proceed with the foreclosure lawsuit.

26. On November 25, 2015 an associate attorney at Defendant Anselmo, Ms. Mary Spitz, appeared for Defendant Wells Fargo on a status hearing on the foreclosure lawsuit. The status hearing was continued to February 10, 2016. *See* Exhibit G, a true and correct copy of the Grundy County Case History on the foreclosure lawsuit.

27. On or about December 18, 2015 Defendant Anselmo on behalf of Defendant Wells Fargo filed an Affidavit as to Military Service in the foreclosure lawsuit. *Id.*

28. On or about January 25, 2016 Defendant Anselmo on behalf of Defendant Wells Fargo filed a Motion for Summary Judgment in the foreclosure lawsuit. *Id.*

29. On or about February 10, 2016 an associate attorney of Defendant Anselmo, Ms. Berkely Cobb, appeared for Defendant Wells Fargo and obtained and Order for Summary Judgment and an order to appoint a selling officer on the subject real estate. *Id.*

30. Plaintiff Andrew Hahn is fully performing his duties as set forth in his confirmed Chapter 13 Plan.

### COUNT I – DEFENDANT ANSELMO'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges all paragraphs above as though fully set forth herein.

32. The Plaintiffs are "consumers" as defined by FDCPA §1692a(3).

33. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

34. Defendant Anselmo qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

35. Defendant Anselmo violated 15 U.S.C. §§1692e(2), e(10), f, through its debt collection efforts on a debt stayed from collection while in bankruptcy.

### a. Violations of FDCPA § 1692e

36. Defendant Anselmo violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt and the subject property was not legally collectible in state court at the time Defendant Anselmo appeared multiple times in the foreclosure lawsuit, filed motions and obtained orders regarding the subject property.

37. Defendant Anselmo violated §1692e(10) when it falsely represented that the subject debt was collectible at the time of its actions before the state court as alleged above.

### b. Violations of FDCPA § 1692f

38. Defendant Anselmo violated §1692f by using unfair or unconscionable means to collect or attempt to collect a debt by continuing to prosecute the foreclosure action against Plaintiffs despite Plaintiff Andrew Hahn's bankruptcy.

39. As an experienced creditor and debt collector, Defendant Anselmo knew or should have known the ramifications of collecting on a debt that was protected from collection by virtue of Sections 362 and 1301 of the Bankruptcy Code.

6

40. Defendant Anselmo knew or should have known that the subject debt was uncollectable in state court as a matter of law.

41. It is apparent that Defendant Anselmo has no system in place to identify and cease collection of debts stayed by the filing of a petition for bankruptcy.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award the Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award the Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – DEFENDANT WELLS FARGO'S VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

42. Plaintiffs restates and realleges all paragraphs of the Complaint above as though fully set forth herein.

43. Plaintiffs are considered "persons" and a "consumers" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

44. Defendant Wells Fargo is engaged in commerce in the State of Illinois with regard to Plaintiffs, the subject loan, and the subject property. Wells Fargo specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

45. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of

> any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

### a. Deception and Unfairness

46. Wells Fargo violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by using fraud, deception, and misrepresentations in its attempt to collect the subject loan and against the subject property after Plaintiff Andrew Hahn filed a petition for bankruptcy protection.

47. Wells Fargo's continued prosecution of the state court foreclosure proceeding despite multiple notices of Plaintiff's Andrew Hahn's bankruptcy filing represents the use of false pretenses and deception to attempt to collect the subject loan, which was duly scheduled and addressed in Plaintiff Andrew Hahn's bankruptcy and chapter 13 bankruptcy plan, because the subject loan was not legally collectable in state court at the time order granting summary judgment and order appointing selling officer was entered against the Plaintiffs.

48. It was unfair and deceptive for Wells Fargo to seek to collect the subject loan from Plaintiffs.

49. It was also unfair and deceptive for Wells Fargo to assert that they could proceed with the foreclosure proceedings even though Wells Fargo was notified of Plaintiff Andrew Hahn's bankruptcy.

50. Wells Fargo intended that the state court rely on its unfair and deceptive acts, and the state court did in fact rely on Wells Fargo's deceptive and unfair acts in granting Wells Fargo's motions and entering orders in the foreclosure lawsuit.

51. Wells Fargo's conduct in continuing to prosecute and obtaining orders in a stayed foreclosure proceeding is immoral and against public policy.

52. Upon information and belief, attempting to collect debts in state court that are stayed from collection by virtue of the United States Bankruptcy Code from Illinois consumers is an unfair and deceptive business practice willfully employed by Wells Fargo and is done on a mass scale.

53. As pled above, Plaintiffs were substantially harmed by Wells Fargo's conduct.

54. An award of punitive damages is appropriate because Wells Fargo's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiffs and consumers generally.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;
b. awarding Plaintiffs actual and punitive damages, in an amount to be determined at trial, for the underlying violations;
c. awarding Plaintiffs costs and reasonable attorney's fees; and
d. awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 30, 2016

Respectfully Submitted,
/s/ James J. Haller

James J. Haller, Esq. ARDC#6226796
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150

9

Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188