IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW HAHN and HEATHER HAHN, ) | |
| ) | Case No. 16-cv-6908 |
| Plaintiffs, ) | |
| ) | Judge Robert M. Dow |
| v. ) | |
| ) | Magistrate Judge Sheila Finnegan |
| ANSELMO LINDBERG OLIVER, LLC ) | |
| and WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

### ANSELMO LINDBERG OLIVER, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES Defendant, ANSELMO LINDBERG OLIVER, LLC ("ALO"), by and through its attorneys, David M. Schultz, Justin M. Penn and Jonathon D. Drews of Hinshaw & Culbertson LLP and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectfully requests that this Court dismiss Count I of Plaintiffs' Complaint with prejudice and in support thereof, states as follows:

### Underlying Facts and Plaintiff's Legal Theories

The facts most germane to ALO's motion to dismiss are conveniently left out of Plaintiffs' Complaint. Mrs. Heather Hahn f/k/a Heather Johnson ("Mrs. Hahn") executed a mortgage for the "debt" in favor of North American Mortgage Company secured by the "subject property". Plaintiffs' Complaint, ¶13. Defendant Wells Fargo, through its attorneys ALO, filed a foreclosure complaint against Mrs. Hahn and listed Andrew Hahn ("Mr. Hahn") as a co-defendant due to his residency at the subject property. Exhibit A, Foreclosure Complaint.[1] ALO sought to collect the outstanding debt solely from Mrs. Hahn. See Ex. A, page 2, ¶ M. Thereafter, Mrs. Hahn filed for

---

[1] The exhibits attached to this Motion are public filings and public documents from the underlying court record. They are appropriate for this Court to consider on a motion to dismiss. A court may take judicial notice of the contents of court records so long as the facts are not capable of reasonable dispute. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997); see *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1173 (7th Cir. 2010) (court takes judicial notice of prior cases filed by plaintiff)

Chapter 13 Bankruptcy protection on July 20, 2012. *See In re: Heather D. Hahn,* 12-28760 (Bankr. N.D. Ill., Jul. 20, 2012), Docket Entry ("DE"), 1. ALO filed a motion and obtained leave from the bankruptcy court to proceed with the foreclosure of the subject property. *See* Group Exhibit B, *In re: Heather D. Hahn,* 12-28760, Motion for Relief from Stay, DE 58; Order Granting Relief from Stay, DE 60. Mrs. Hahn's bankruptcy remained pending until October 23, 2015 when the bankruptcy court dismissed her bankruptcy for failure to make payments. Exhibit C, *In re: Heather D. Hahn,* 12-28760, Order Dismissing Case for Failure to Make Payments, DE 62. On September 2, 2015, while Mrs. Hahn's bankruptcy was still pending, she attempted to quitclaim her interest in the property to herself and Mr. Hahn. Compl. ¶15. On September 9, 2015, Mr. Hahn filed for Chapter 13 bankruptcy protection and listed ALO and Wells Fargo as creditors. Compl. ¶¶ 16-17.

Separate and apart from the bankruptcy case, the foreclosure court entered judgment against Mrs. Hahn and Mr. Hahn on February 10, 2016. See Exhibit D, Judgment of Foreclosure. The Judgment of Foreclosure includes several relevant evidentiary findings which are fatal to Plaintiffs' instant claims against ALO. Specifically, the foreclosure court found that Mrs. Hahn is the individual personally liable for debt. See Ex. D. p. 3, ¶14. The foreclosure court also found that "[a]ll lien or mortgage claimants defaulted are found to have no interest in the real estate foreclosed." See Ex. D. p. 5, ¶V B. Mr. Hahn was defaulted on February 10, 2016, and therefore has been found to have no interest in the foreclosed property. See Exhibit E, Order of Default.

Plaintiff brings one count against ALO alleging purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. In particular, plaintiff makes the following specific claims:

- ALO violated Section 1692e(2) by falsely representing the underlying debt was not legally collectible in state court at the time Defendant ALO appeared multiple times in the foreclosure suit, filed motions and obtained orders regarding the subject property;

2

- ALO violated Section 1692e(10) when it falsely represented that the subject debt was collectible at the time of its actions before the state court; and

- ALO violated Section 1692f by attempting to collect a debt that was not legally collectible in state court as a matter of law.

Compl., ¶¶ 36-40. Plaintiffs' claims all fail as a matter of law.

### Rule 12(b)(6) Standard and Brief Summary of Argument

The Rule 12(b)(6) standard requires plaintiff to do more than simply allege that ALO was attempting to collect a debt in violation of the FDCPA. Such assertions are mere conclusory legal statements. The Supreme Court has a two-step approach in deciding whether a pleading is sufficient:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). Taken as a whole the complaint must establish a non-negligible probability that the claim is valid. *Id.* at 832. The court should decide whether the complaint has enough substance to warrant putting the defendant through discovery. *Id.*

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) Thus, "in considering a plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action, supported by mere conclusory legal statements." *Brooks v. Ross*, 574 F.3d 578, 581 (7th Cir. 2009). Rule 12(b)(6) requires plaintiffs to provide reasonable factual support in the complaint demonstrating all the elements of a FDCPA violation.

3

First, to the extent Plaintiffs seek to challenge the amount or status of the underlying debt, they are estopped from so doing. Plaintiffs' complaint ignores the fact that the state court has already entered a judgment in the underlying foreclosure, and Plaintiffs are barred from now challenging or seeking review of the status of the underlying debt. Second, with respect to Plaintiffs' claims under Section 1692e and 1692f, there are no allegations as to how ALO was actually attempting to collect the underlying debt from Mr. Hahn. The conclusory allegation that ALO was attempting to collect a debt from Plaintiffs is false and controverted by the documents relevant to the claims. The foreclosure complaint and judgment in the foreclosure case identify that the debt was owed by Mrs. Hahn. See Ex A, page 2, ¶ M; Ex. D, page. Mr. Hahn cannot state a claim for a violation of the FDCPA because ALO never sought to collect anything from him.

I. **The claims under Sections 1692e and 1692f in Count I are estopped and barred by the *Rooker-Feldman* doctrine and the doctrine of *res judicata*.**

Plaintiffs allege that ALO sought to collect amounts that were not legally collectible in state court, and thus violated Sections 1692e(2), 1692e(10) and 1692f (Count I). Plaintiffs ignore that they are subject to a judgment in the underlying mortgage foreclosure, and the *Rooker-Feldman* doctrine and doctrine of *res judicata* therefore deprive this Court of jurisdiction. Plaintiffs claim that the amount sought is not owed. This assertion is so inextricably intertwined with the foreclosure judgment that he is estopped from pursuing his claims.

The *Rooker–Feldman* doctrine "essentially precludes lower federal court jurisdiction[2] over claims seeking review of state court judgments." *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Specifically, it "bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment." *Id.*; *See also Wiley v. Urban Partnership Bank*, 2016 WL 4011235, *2 (N.D. Ill. Jul. 27, 2016)("lower federal courts such as this one do not have the

---

[2] The portion of the motion concerning the Rooker-Feldman doctrine is brought pursuant to Rule 12(b)(1). Although jurisdiction is a primary consideration for the Court, ALO treats the claims in the order that they are alleged.

4

authority to hear cases 'complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'")(citations omitted). The effect of this doctrine is to make it clear that "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Id. Remer*, 205 F.3d at 996. The United States Supreme Court has clarified and reinforced that *Rooker-Feldman* applies to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced [that now invite] district court review and rejection of those judgments." *Exxon Mobil Corp v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Federal district courts are not empowered to exercise appellate jurisdiction over state court judgments. *Id.*

Where the claims are closely related to the state court judgment, although not identical, *Rooker-Feldman* still prohibits review by federal district courts:

> Claims that directly seek to set aside a state court judgment are *de facto* appeals and are barred without additional inquiry. However, federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are "inextricably intertwined" with a state court judgment.

*Taylor v. Federal Nat. Mortg. Ass'n.*, 374 F.3d 529, 532-33 (7th Cir. 2004).

The allegations in Counts I demonstrate that this case is a *de facto* appeal or is at the very least inextricably intertwined with the state court judgment. The Section 1692e and 1692f claims rely upon assertions that the underlying debt was not collectible because it was somehow discharged in an underlying bankruptcy. Plaintiffs cannot avoid the impact of *Rooker-Feldman* as the foreclosure litigation is the basis for the claim. *See Franklin v. Arbor Station, LLC*, 549 Fed. App'x 831, 833 (11th Cir. 2013) (affirming district court's dismiss of plaintiff's FDCPA claims on *Rooker-Feldman* grounds because ruling in plaintiff's favor on any of the claims would necessitate a finding that the state

court's decision was erroneous). Moreover, the injuries claimed by Plaintiffs are inextricably intertwined with the judgment. *See Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) (affirming dismissal on *Rooker-Feldman* grounds of an FDCPA claim and rejecting plaintiff's argument that the injury was caused by false statements, not the proceeding, reasoning that "[n]o injury occurred until the state judge ruled against [plaintiff]" and therefore the requested relief was inextricably intertwined with the state-court action).

The Plaintiffs' instant position is also barred by *res judicata*. *Hayes v. City of Chicago*, 2012 WL 661676, *2 (7th Cir. 2012). The doctrine of *res judicata* prohibits litigants from re-litigating claims that were or could have been litigated during an earlier proceeding. *Id.* Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. *Id.*

Plaintiffs certainly could have litigated whether the amount was due and owing in the state court foreclosure, but they decided not to. There is no doubt Plaintiffs knew about the case, and there is no doubt they both failed to appear. Their instant position – that the amount in the judgment is not owed – is completely inconsistent with the entry of the judgment. See Ex. D.

II.  **The claims under Sections 1692e and 1692f in Count I must be dismissed because ALO was not attempting to collect a debt from Mr. Hahn.**

If there was no attempt to collect a debt from Mr. Hahn, and thus he cannot state a claim for a violation of the FDCPA *See Brown v. Budget Rent–A–Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir.1997); *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87–88 (4th Cir.1994); *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir.1987); *Isaacson v. Saba Comm. Servs. Corp.*, 636 F.Supp.2d 722, 724 (N.D.Ill.2009); *Hill v. Mutual Hosp. Serv., Inc.*, 454 F.Supp.2d 779, 782 (S.D.Ind.2005) ("[T]he threshold requirement for enforcing the FDCPA is that the alleged prohibited practices have been used in an attempt to collect a debt."). As explained above, ALO only sought to collect from Mrs. Hahn. Without any attempt to collect a debt from Mr. Hahn, he cannot state a claim for a violation

6

of the FDCPA.

ALO listed Mr. Hahn as a defendant as he potentially could have had some interest in the property and because he was a resident of the subject property. Any foreclosure activities with respect to Mr. Hahn were merely with respect to his potential equitable interest and were not attempts to collect any amount from him. Numerous federal district courts and at least one circuit court have determined that such foreclosure activities do not constitute debt collection under the FDCPA. *Boyd v. J.E. Robert Co.*, 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013), *aff'd sub nom. Boyd v. J.E. Robert Co., Inc.*, 765 F.3d 123 (2d Cir. 2014) (collecting cases); *See also Rosado v. Taylor*, 324 F.Supp.2d 917, 924 (N.D.Ind.2004). ALO's listing of Mr. Hahn as a defendant in the foreclosure case does not constitute an attempt to collect a debt from him.

### III. ALO adopts those arguments in the codefendants' motions to dismiss that apply with equal weight to the instant defenses.

In addition, ALO respectfully request to join in the multiple arguments made in its codefendant's motion to dismiss that apply with equal force to ALO. In particular, Wells Fargo Bank, N.A. has argued that the underlying bankruptcy did not extinguish the underlying loan or alternatively that the case be transferred to the bankruptcy court. ALO respectfully requests this Court extend any rulings on codefendant's motion that apply in equal force to the claims against ALO.

WHEREFORE, Defendant, ANSELMO LINDBERG OLIVER, LLC, respectfully requests this court dismiss Count I of Plaintiffs' Complaint in its entirety, with prejudice, and for such other relief as this Court deems fair and just.

7

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Jonathon D. Drews*
Jonathon D. Drews

David M. Schultz
Justin M. Penn
Jonathon D. Drews
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
jdrews@hinshawlaw.com
Attorney for Defendant

131480832v1 0989295

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2016, I electronically filed the forgoing **ANSELMO LINDBERG OLIVER, LLC'S Memorandum of Law in Support of Motion to Dismiss** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served upon all parties of record

HINSHAW & CULBERTSON LLP

*/s/Jonathon D. Drews*
Jonathon D. Drews

9

131480832v1 0989295